UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESUS A. VILLEGAS VILLEGAS, | : |
| Plaintiff, | : |
| vs. | :   No. 3:14cv1908(WIG) |
| SOCIAL SECURITY COMMISSIONER, | : |
| Defendant. | : |

-----------------------------------------------------------------X

ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, Jesus A. Villegas Villegas, has filed a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  Attached to his motion is the form "Financial Affidavit in Support of Application to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915." Applications to proceed *in forma pauperis* trigger a two-step process of review by the district court.  First, the Court must determine whether the litigant qualifies by economic status and, second, whether the cause of action asserted in the complaint is frivolous, malicious, or without merit.  *Bey v. Syracuse University*, 155 F.R.D. 413 (N.D.N.Y. 1994).

With respect to the first step, the Court makes this evaluation based upon an affidavit submitted by the litigant, including a "statement as to all assets," and attesting to the fact that he or she is unable to pay the required court fee or give security therefor.  *See* 28 U.S.C. § 1915(a)(1); *see Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 116 (2d Cir. 2012) (holding that a plaintiff seeking *in forma pauperis* status is required to accurately and truthfully state his financial history and assets).  If the Court finds that the plaintiff's affidavit is insufficient to provide an adequate basis for an *in forma pauperis* determination, the Court should direct the plaintiff to file a supplemental affidavit providing information as to his or her

assets and liabilities.  *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 (11th Cir. 2004); *see also Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985)(Table) (holding that, although typically the court accepts at face value the sworn allegations concerning the applicant's financial status, the court may inquire into such allegations and may demand more specific information, if necessary for a proper assessment of the applicant's financial status).

Here, Plaintiff has not provided information sufficient for the Court to assess his financial history.  For example, he states that he has been unemployed since December 2011, but does not provide any information about his last employer.  In addition, Plaintiff has provided no information is response to the questions regarding financial obligations.  This missing information is extremely relevant to the Court's determination of whether Plaintiff should be allowed to proceed with his lawsuit without the payment of the filing fee normally required of civil litigants under 28 U.S.C. § 1914.

Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a privilege - not a right.  It is a privilege extended to those individuals unable to pay a filing fee when their civil action is not frivolous or malicious.  *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir.) ("There is no absolute right to proceed in court without paying a filing fee in civil matters."), *cert. denied*, 488 U.S. 931 (1988).  The purpose of *in forma pauperis* status under 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the courts because of their financial circumstances.  *Monti,* 600 F. Supp. at 112.

Because Plaintiff has failed to submit an affidavit setting forth a complete representation of his income, assets, and liabilities, as required by the form provided by the Court, the Court is unable to determine whether Plaintiff satisfies the economic eligibility requirements for *in forma*

*pauperis* status.  Accordingly, the Court orders Plaintiff to submit a sworn, supplemental "Financial Affidavit in Support of Application to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915," responding to each of the requests for information to the best of his ability. Plaintiff shall submit this supplemental affidavit within 20 days of the date of this Order.  Failure to comply with this Order or to obtain an extension of time will result in a recommended denial of Plaintiff's *in forma pauperis* application.

      SO ORDERED, this   7th   day of January, 2015, at Bridgeport, Connecticut.

                                     /s/ *William I. Garfinkel*
                                    WILLIAM I. GARFINKEL
                                    United States Magistrate Judge